AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

UNITED STATES OF AMERICA

v.

RAYMOND G. GIRARD,

*Defendant*

Case No. 23-MJ- 4020

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about January 14, 2023, in the County of Monroe, in the Western District of New York, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C § 922(g)(1) | Felon in possession of ammunition |

This Criminal Complaint is based on these facts:
See attached affidavit.

☒ Continued on the attached sheet.

JOSEPH BRIGANTI, Investigator
Bureau of Alcohol, Tobacco, Firearms & Explosives
Rochester Police Department

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d) on:

Date: January 15, 2023

City and State:  Rochester, New York

Marian W. Payson
MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

RAYMOND G. GIRARD,

       Defendant

23-MJ- 4020

State of New York)
County of Monroe)  ss
City of Rochester)

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joseph Briganti, being duly sworn, deposes and says:

    1.    Your affiant is a Police Investigator with the Rochester Police Department and currently assigned as a Task force officer (TFO) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), assigned to the New York Field Division, Rochester Field Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is an officer of the United States who is empowered to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516(1).

    2.    I have been employed as Police Investigator since 2011. Prior to being employed as a Police Investigator, I was employed as a Police officer beginning in

1

1995 for both the City of Rochester, New York Police Department (RPD) and the Niagara Falls, New York Police. My duties as a Police Investigator include investigating violations of state and federal firearms laws such as individuals engaged in illegal firearm trafficking, unlawful possession of firearms, as well as the possession of firearms during the commission of drug trafficking crimes, and other crimes of violence.

3. Additionally, I have been assigned to the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), as a designated Task Force officer. During my tenure with RPD and ATF, I have participated in numerous investigations relating to armed individuals that were involved in the distribution of controlled substances, including cocaine, cocaine base, heroin and other substances in violation of federal narcotics laws, including Title 21, United States Code, Section 846 and Title 18 United States Code, Sections 922 and 924. I am familiar with the habits, methods, routines, practices and procedures commonly employed by persons engaged in the trafficking of illegal drugs. I have been the Affiant on five affidavits in support of Federal Title III intercepts and numerous Federal search warrants, arrest warrants, and other applications. Through my training, education, experience and speaking with other law enforcement officers, I have become familiar with the manner in which illegal drugs are manufactured, transported, stored, and distributed, and with the methods of payment for such drugs. I am also trained in the appearance and common characteristics of illegal narcotics, including but not limited to cocaine, heroin, fentanyl, and marijuana. I am familiar with how those illegal

narcotics are packaged for sale and I am also trained in how to properly conduct field tests on suspected illegal substances.

## PURPOSE OF AFFIDAVIT

4.  This affidavit is submitted in support of a criminal complaint charging RAYMOND G. GIRARD with a violation of Title 18, United States Code Section, 922(g)(1) (possession of ammunition by a convicted felon).

5.  As more fully described below, the facts in this affidavit are based on a combination of my review of police reports filed in connection with this investigation and conversations with other law enforcement officers involved in this investigation. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to believe that RAYMOND G. GIRARD (hereinafter referred to as "GIRARD") committed the above-mentioned offense.

## PROBABLE CAUSE

6.  The Monroe County Sheriff's Office has had an ongoing investigation into GIRARD stemming from a death threat made by GIRARD to a Monroe County Politician in early January 2023. This resulted in GIRARD having three (3) arrest warrants issued against him to include "Making a Terroristic Threat", which is

3

classified as a D felony in the New York State Penal Law. During the same timeframe, the New York State Police (NYSP) has had an ongoing investigation into GIRARD involving possession of stolen property and identity theft. As a result of this investigation, the NYSP met with Monroe County Court Judge Meredith Vacca. The Honorable Meredith Vacca signed a search warrant for 1358 Hudson Ave Rochester, NY on January 5, 2023. 1358 Hudson Ave Rochester, NY is the residence of GIRARD where he resides with his girlfriend and two small children.

7.    On January 14, 2023, at approximately 4:00 P.M., members of the MCSO established a security perimeter around 1358 Hudson Ave in the City of Rochester. A short time later, GIRARD exited the residence through the front door and was taken into custody without incident. At the time of arrest, GIRARD was the sole occupant of the residence. At this time members of the NYSP executed their search warrant on the residence. The residence is described as having two bedrooms. One being the master bedroom for the adults (described as having adult clothing and other items showing this bedroom as being controlled by GIRARD) and the other bedroom for the children. During a search of the residence, members of the NYSP located multiple rounds of live and spent ammunition in multiple areas of the house, as more particularly described below:

- In the Master bedroom:
  - Under the bed
    - A white bag containing approximately 212 live shotgun rounds, twenty .243 caliber rifle rounds and seven Federal .300 Win Mag rounds,
    - Rifle ammunition, including 20 rounds of .308 ammunition, and

4

- - - Over 75 live rounds and four spent rounds of .300 ammunition
  - In the closet,
    - a magazine for a .77 mm rifle with one live round and small canvass zipper bag with several rounds of shotgun shells
    - On top of the dresser, one .7 mm round
- In the Garage
  - 25 shotgun shells on a shelf
  - Plastic ammunition case with 24 rounds of live .308 ammunition and 26 spent rounds
- In the Dining room
  - Two Remington shotgun shells on a shelf and a third on top of the fridge
- In the basement
  - one shotgun shell on a table, and a box with four 12 gauge shotgun shells in a basement storage room

## INTERSTATE NEXUS

8.   In connection with this investigation, ATF Special Agent Justin Schaefer, an expert who has testified in federal court regarding the origin of manufacture for firearms and ammunition, personally observed all of the ammunition seized at Girard's residence and found that all of the ammunition except for 26 shotgun rounds was manufactured outside the state of New York and therefore affected interstate commerce.

## GIRARD'S PRIOR FELONY CONVICTION

9.   In connection with this investigation, your affiant has reviewed a criminal history for GIRARD which reflects that on or about June 23, 2016, GIRARD was convicted upon plea of guilty in Monroe County Court, State of New York. BAKER pled guilty to Attempted Criminal Possession of a Weapon 2nd which is a New York State Penal Law class D felony. GIRARD was sentenced to five years supervised Monroe County Probation.

## CONCLUSION

10.   Based on the above information, your affiant submits that probable cause exists to believe that GIRARD violated violations of Title 18, United States Code, Sections 922 (g)(1) (possession of ammunition by a convicted felon).

INV. JOSEPH BRIGANTI
Bureau of Alcohol, Tobacco,
Firearms and Explosives,
Rochester Police Department

Affidavit and Criminal Complaint submitted electronically
by email in .pdf format. Oath administered, and contents
and signature, attested to me as true and accurate telephonically
pursuant to Fed.R.Crim.P. 4.1 and 4(d) on: January 15, 2023

Marian W. Payson
Honorable Marian W. Payson
United States Magistrate Judge

6